## MARCEL DOUATT *v.* AUGUSTE LOUGE.

It is incompetent for a maker of a promissory note, secured by authentic act of mortgage, in which the note is said to be given for money borrowed of payee—to prove by parol, especially against a third person, not a party to the mortgage—that the payee had acknowledged that no consideration had passed for the note.

APPEAL 'from the Second District Court of New Orleans, *Morgan*, J. *Magne*, for plaintiff and appellant. *Tissot*, for defendant.

BUCHANAN, J. The plaintiff relies upon two bills of exception. The first is to the rejection of parol evidence to prove fraud and simulation, in a notarial act of mortgage, and that the payee of the promissory note of plaintiff, secured by said mortgage, had acknowledged that there was-no consideration given for said note.

The party who offers this evidence is the very party who is said to have committed the simulation. For this suit is an injunction of executory process issued upon a promissory note of plaintiff, secured by mortgage by authentic act, in which plaintiff (the mortgagor,) declares the note to have been given for money borrowed of the payee.

It was incompetent for plaintiff to make proof, atleast by parol, and more especially against a third holder of the note, who was not a party to the act of mortgage. See *Labadie* v. *Poydras*, 3d Annual, 154, and the cases there cited.

The second bill of exceptions is to the admission, on the part of defendant, of a notarial act of subrogation of the right of- mortgage made by the payee of the note in question to defendant. The ground of plaintiff's objection to this .act of subrogation, is stated to be that the act contains declarations which are not binding on plaintiff, who was no party thereto.

The Judge below did not err. The act was a necessary part of defendant's proof, and could not be divided. The essential fact which it established was the transfer of the original mortgagee's rights to the defendant. And as to the declarations of. which the plaintiff complains, it may be observed, that they are but recitations of other authentic acts, to which the plaintiff was a party.

No affidavit was necessary for obtaining the executory process. *Roulette* v. *Shepherd*, 7 N. S., 516.

Judgment of the District Court affirmed with costs.